UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:15-CV-213-DJH

**ELECTRONICALLY FILED**

| | |
|---|---|
| PHARMERICA CORPORATION and<br>PHARMERICA EAST, INC. | PLAINTIFFS |

v.

| | |
|---|---|
| ADVANCED HCS LLC, *et al.* | DEFENDANTS |

### NOTICE OF REMOVAL

All of the Defendants herein, by their respective counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this action from the Commonwealth of Kentucky, Jefferson Circuit Court Division 8, Civil Action No. 15-CI-00775, to the United States District Court for the Western District of Kentucky on the following grounds:

### Statement of the Case

1. On or about February 13, 2015, Plaintiffs Pharmerica Corporation and Pharmerica East, Inc., filed a civil action against thirty-eight defendants in the Commonwealth of Kentucky, Jefferson Circuit Court, Division 8, entitled *Pharmerica Corporation, et al. v. Advanced HCS LLC, et al.,* Civil Action No. 15-C1-00775 (the "State Court Action").

2. A number of the Defendants first received a copy of the Plaintiffs' Complaint on February 17, 2015. Additional Defendants first received a copy of the Complaint on subsequent dates. While aware of this action, it is not certain that any of the Defendants have been properly served with process with regard to the Complaint and

so the Defendants reserve their right to contest same, except for a few Defendants that have agreed with the Plaintiffs not to contest this issue.

3. The State Court Action is a civil action seeking a declaratory judgment, an order compelling arbitration, specific performance of a contract, as well as damages for breach of contract, unjust enrichment, tortious interference with contract, civil conspiracy, and alter ego piercing.

4. In connection with the State Court Action, Plaintiffs filed a Summons and Complaint. A copy of these documents, referred to collectively herein as the "Complaint," are attached hereto as Exhibit A.

5. Subsequently, certain of the Defendants filed a Notice-Motion and Order in the State Court Action requesting an extension of time to answer or otherwise plead therein. A copy of these pleadings is attached hereto as Exhibit B. Other of the Defendants have obtained an extension of time within which to answer or otherwise plead by securing Plaintiffs' agreement to same (with no filing in the State Court Action) in return for not contesting that they were properly served with process and/or accepting service of process.

6. No other pleadings have been filed in the State Court Action as of the date of this Notice of Removal, none of the Defendants are in default in the State Court Action as of the time of the filing of this Notice of Removal, and no proceedings have been conducted in the State Court Action.

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it is being filed within thirty days of the Defendants' receipt of the Complaint.

## Diversity Jurisdiction Under 28 U.S.C. §1332(a)

8. The United States District Court for the Western District of Kentucky has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) by reason of the complete diversity of citizenship between the Plaintiffs and the Defendants, as described below:

   a. Plaintiffs' Complaint states that the Plaintiffs, PharMerica Corporation and PharMerica East, Inc., are Delaware corporations headquartered in Louisville, Kentucky. Plaintiffs therefore were at the time of the filing of the Complaint in the State Court Action, and are presently, citizens of both Delaware and Kentucky.

   b. Defendant Advanced HCS LLC is a Limited Liability Company formed under the laws of Texas with a principal office located at 2071 Flatbush Ave., Suite 22, Brooklyn, NY 11234. At the time of the filing of the Complaint in the State Court Action and presently, Advanced HCS LLC was, and is, a citizen of the States of Texas and New York, and all of its members were, and are, citizens of states other than Kentucky and Delaware.

   c. Defendant Texas Operations Management LLC is a Limited Liability Company formed under the laws of Texas with a principal office located at 2071 Flatbush Ave., Suite 22, Brooklyn, NY 11234. At the time of the filing of the Complaint in the State Court Action and presently, Texas Operations Management LLC was, and is, a citizen of the States of Texas and New York, and all of its members were, and are, citizens of states other than Kentucky and Delaware.

   d. Defendants Pinecrest SNF LLC, Balch Springs SNF LLC, Bay Oaks SNF LLC, Benbrook SNF LLC, Clarksville SNF LLC, Colonial Manor NH SNF LLC, Courtyard SNF LLC, Greenville SNF LLC, Henderson SNF LLC, Monterey SNF LLC, Palo Pinto SNF LLC, Park View SNF LLC, River Oaks SNF LLC, Rosenberg SNF LLC, Santa Fe SNF LLC, Southeast SNF LLC, Stonebrook Manor SNF LLC, Renaissance SNF LLC, Vernon SNF LLC, Wedgewood SNF LLC, White Settlement SNF LLC, Sulphur Springs SNF LLC, Prairie House SNF LLC, El Paso SNF LLC, Clyde SNF LLC, Colonial Manor SNF LLC, McAllen SNF LLC, Gardendale SNF LLC, and Vista Hills SNF LLC (the "SNF Defendants") are all Limited Liability Companies formed under the laws of Texas with a common principal office located at 368 New Hempstead Road #309, New City, NY 10956. At the time of the filing of the Complaint in the State Court Action and presently, the SNF Defendants were, and are, citizens of the States

       of Texas and New York, and all of their members were, and are, citizens of states other than Kentucky and Delaware.

e.    At the time of the filing of the Complaint in the State Court Action and presently, Defendant Teddy Lichtschein was an individual residing in New York and was, and is, a citizen of the State of New York.

f.    At the time of the filing of the Complaint in the State Court Action and presently, Defendant Eliezer Scheiner was an individual residing in New York and was, and is, a citizen of the State of New York.

g.    At the time of the filing of the Complaint in the State Court Action and presently, Defendant Palo Pinto County Hospital District was a Hospital District with its principal place of business in Mineral Wells, Texas 76067, and therefore was, and is, a citizen of the State of Texas.

h.    At the time of the filing of the Complaint in the State Court Action and presently, Defendant Baylor County Hospital District was a Hospital District with its principal place of business in Seymour, TX 76380, and therefore was, and is, a citizen of the State of Texas.

i.    At the time of the filing of the Complaint in the State Court Action and presently, Defendant Childress County Hospital District was a Hospital District with its principal place of business in Childress, TX 79201, and therefore was, and is, a citizen of the State of Texas.

j.    At the time of the filing of the Complaint in the State Court Action and presently, Defendant Jack County Hospital District was a Hospital District with its principal place of business in Jacksboro, TX 76458, and therefore was, and is, a citizen of the State of Texas.

k.    At the time of the filing of the Complaint in the State Court Action and presently, Defendant Coryell County Memorial Hospital Authority was a Hospital Authority with its principal place of business in Gatesville, TX 76528, and therefore was, and is, a citizen of the State of Texas.

9. Complete diversity between the Plaintiffs and all of the Defendants in this action existed both at the time of the filing of the Complaint in the State Court Action and presently.

10. The Complaint alleges that the amount in controversy is in excess of $5 million in liquidated damages. It also seeks punitive damages, pre- and post-judgment interest, and attorney's fees. (Complaint, ¶5, Prayer for Relief). Therefore, the jurisdictional threshold set forth in 28 U.S.C. §1332(a) is satisfied. *See* 28 U.S.C. §1446(c)(2).

## All Procedural Requirements for Removal Have Been Satisfied

11. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all of the process, pleadings, orders and documents from the State Court Action is being filed with this Notice of Removal.

12. This Notice of Removal has been filed within thirty days of the date of the first receipt of the Complaint by any of the Defendants. Therefore, removal is timely in accordance with 28 U.S.C. § 1446(b).

13. A copy of this Notice of Removal is being promptly filed with the Clerk of the Jefferson Circuit Court, as required by 28 U.S.C. § 1446(d), a copy of which is attached as Exhibit C hereto.

14. Defendants will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d).

15. All of the Defendants join in this Notice of Removal.

16. By filing this Notice of Removal, Defendants do not waive any objection they may have to the exercise of personal jurisdiction over them in state or federal court in Kentucky.

## Conclusion

17. By filing this Notice of Removal, the Defendants do not waive any objections they may have to service, jurisdiction, venue or any other defenses or objections they may have in this action and rather specifically preserve those objections, except to the extent that some of the Defendants have specifically waived them by agreement with the Plaintiffs. The Defendants intend no admission of fact, law or liability by the filing of this Notice of Removal and expressly reserve all of their potential defenses, motions and pleas.

WHEREFORE, Defendants respectfully give notice of the removal of this action from the Commonwealth of Kentucky, Jefferson Circuit Court, Division 8, to the United States District Court for the Western District of Kentucky.

Respectfully submitted,

*/s/ Hiram Ely III*
Hiram Ely III
Brian P. McGraw
MIDDLETON REUTLINGER
401 South Fourth Street, Suite 2600
Louisville, Kentucky  40202
(502) 625-2718 Phone
(502) 588-1928 Fax
hely@middletonlaw.com
bmcgraw@middletonlaw.com

*Counsel for Defendants Advanced HCS LLC, Texas Operations Management LLC, Pinecrest SNF LLC, Balch Springs SNF LLC, Bay Oaks SNF LLC, Benbrook SNF LLC, Clarksville SNF LLC, Colonial*

*Manor NH SNF LLC, Courtyard SNF LLC, Greenville SNF LLC, Henderson SNF LLC, Monterey SNF LLC, Palo Pinto SNF LLC, Park View SNF LLC, River Oaks SNF LLC, Rosenberg SNF LLC, Santa Fe SNF LLC, Southeast SNF LLC, Stonebrook Manor SNF LLC, Renaissance SNF LLC, Vernon SNF LLC, Wedgewood SNF LLC, White Settlement SNF LLC, Sulphur Springs SNF LLC, Prairie House SNF LLC, El Paso SNF LLC, Clyde SNF LLC, Colonial Manor SNF LLC, McAllen SNF LLC, Gardendale SNF LLC, Vista Hills SNF LLC, Teddy Lichtschein and Eliezer Scheiner*

*/s/ David S. Kaplan*
David S. Kaplan (by permission)
Adam K. Neel
MILLER WELLS PLLC
710 W. Main Street, 4th Floor
Louisville, Kentucky  40202
(502) 416-1630 Phone
(502) 855-4971 Fax
dkaplan@midderwells.com

*Counsel for Defendant Baylor County Hospital District*

*/s/ Kent Wicker*
Kent Wicker (by permission)
DRESSMAN BENZINGER LAVELLE PSC
321 West Main Street, Suite 2100
Louisville, Kentucky  40202
(502) 572-2500 Phone
(502) 572-2503 Fax
kwicker@dbllaw.com

*Counsel for Defendants Palo Pinto County Hospital District, Childress County Hospital District, Jack County Hospital District and Coryell County Memorial Hospital Authority*

## CERTIFICATE OF SERVICE

   I hereby certify that on March 16, 2015, I electronically filed the foregoing Notice of Removal with the Clerk of the Court by using the CMF/ECF system. I hereby certify that on March 16, 2015, a copy of the foregoing was served upon the following by United States Mail, first class postage prepaid:

Clark C. Johnson  
David Bryan Owsley II  
Timothy D. Thompson  
STITES & HARBISON PLLC  
400 West Market Street, Suite 1800  
Louisville, Kentucky 40202-3352  

COUNSEL FOR PLAINTIFFS

                */s/ Hiram Ely III*